JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
YESHICA VIQUEZ RIVERA

### DEFENDANTS
NATIONWIDE CREDIT, INC.

(b) County of Residence of First Listed Plaintiff: KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: LEHIGH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ○ 625 Drug Related Seizure of Property 21 USC 881 | ○ 422 Appeal 28 USC 158 | ○ 375 False Claims Act |
| ○ 120 Marine | ○ 310 Airplane | ○ 365 Personal Injury - Product Liability | ○ 690 Other | ○ 423 Withdrawal 28 USC 157 | ○ 376 Qui Tam (31 USC 3729(a)) |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability | ○ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ○ 400 State Reapportionment |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ○ 410 Antitrust |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability | ○ 368 Asbestos Personal Injury Product Liability | | ○ 820 Copyrights ○ 830 Patent | ○ 430 Banks and Banking ○ 450 Commerce |
| ○ 151 Medicare Act | ○ 340 Marine | | | ○ 835 Patent - Abbreviated | ○ 460 Deportation |
| ○ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ○ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ○ 840 Trademark | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle | ○ 370 Other Fraud | ○ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability | ○ 371 Truth in Lending | ○ 720 Labor/Management Relations | ○ 861 HIA (1395ff) ○ 862 Black Lung (923) | ○ 485 Telephone Consumer Protection Act |
| ○ 190 Other Contract | ○ 360 Other Personal Injury | ○ 380 Other Personal Property Damage | ○ 740 Railway Labor Act | ○ 863 DIWC/DIWW (405(g)) ○ 864 SSID Title XVI | ○ 490 Cable/Sat TV |
| ○ 195 Contract Product Liability | ○ 362 Personal Injury - Medical Malpractice | ○ 385 Property Damage Product Liability | ○ 751 Family and Medical Leave Act | ○ 865 RSI (405(g)) | ○ 850 Securities/Commodities/ Exchange |
| ○ 196 Franchise | | | ○ 790 Other Labor Litigation | | ○ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ○ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ○ 891 Agricultural Acts ○ 893 Environmental Matters |
| ○ 210 Land Condemnation | ○ 440 Other Civil Rights | **Habeas Corpus:** | | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 895 Freedom of Information Act |
| ○ 220 Foreclosure | ○ 441 Voting | ○ 463 Alien Detainee | | ○ 871 IRS—Third Party 26 USC 7609 | ○ 896 Arbitration |
| ○ 230 Rent Lease & Ejectment | ○ 442 Employment | ○ 510 Motions to Vacate Sentence | | | ○ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ○ 240 Torts to Land | ○ 443 Housing/ Accommodations | ○ 530 General | | | |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment | ○ 535 Death Penalty | **IMMIGRATION** | | ○ 950 Constitutionality of State Statutes |
| ○ 290 All Other Real Property | ○ 446 Amer. w/Disabilities - Other | **Other:** ○ 540 Mandamus & Other | ○ 462 Naturalization Application ○ 465 Other Immigration Actions | | |
| | ○ 448 Education | ○ 550 Civil Rights ○ 555 Prison Condition ○ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from Another District *(specify)*
- ○ 6 Multidistrict Litigation - Transfer
- ○ 8 Multidistrict Litigation - Direct File

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: 15 USC §1692 – Fair Debt Collection Practices

## VIII. REQUESTED IN COMPLAINT:
● CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ● Yes  ○ No

## IX. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: May 19, 2020

SIGNATURE OF ATTORNEY OF RECORD

JUN - 5 2020

**FOR OFFICE USE ONLY**
RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _291 Bainbridge Street, Apt 2B, Brooklyn, New York 11233_

Address of Defendant: _1874 Catasauqua Rpad. Allentown, Pennsylvania 18109_

Place of Accident, Incident or Transaction: _Lehigh County, Pennsylvania_

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   *[signature]*   _____
  Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* _FDCPA_

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* ___
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JUN - 5 2020

DATE: _____   Sign here if applicable _____   _____
  Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Yeshica Viquez Rivera | : | CIVIL ACTION |
| v. | : | |
| Nationwide Credit, Inc | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

May 13, 2020
Date                    Attorney-at-law

516.203.7600      516.706.5055
Telephone            FAX Number

(Civ. 660) 10/02

JUN - 5 2020

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JUN - 5 2020

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Yeshica Viquez Rivera, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Nationwide Credit, Inc., | |
| Defendant. | |

Yeshica Viquez Rivera, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Nationwide Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of Pennsylvania

## PARTIES

5. Plaintiff Yeshica Viquez Rivera is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Nationwide Credit, Inc., is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 20, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

28. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

29. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

30. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

31. The Letter contains a settlement offer.

32. The Letter states, "American Express® has authorized us to make you a special offer."

33. The Letter further states, "American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership."

34. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the alleged Debt for less than the full amount.

35. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007).

36. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

37. The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

38. The least sophisticated consumer would likely be misled by the settlement offer.

39. The least sophisticated consumer would likely be misled in a material way by the settlement offer.

40. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

42. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter with a settlement offer failing to clarify that it was not obligated to renew such offer, which letter was sent on or after a date one year prior to the filing of this action to the present.

43. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

44. The Class consists of more than thirty-five persons.

45. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

46. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

47. Plaintiff will fairly and adequately protect and represent the interests of the Class.

4

48.     The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

   a. Certifying this action as a class action; and

   b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c. Finding Defendant's actions violate the FDCPA; and

   d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Granting Plaintiff's costs; all together with

   g. Such other relief that the Court determines is just and proper.

DATED: May 13, 2020

BARSHAY SANDERS, PLLC

By: _____
Melissa Pirillo, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Mpirillo@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118999

PERSONAL AND CONFIDENTIAL
PO Box 10354
Des Moines, IA 50306-0354          01341

023/A37/964/07/20/2019/NY/1.0/20180115

| ACCOUNT NUMBER: | XXXXXXXXXX01002 |
|---|---|
| NCI ID: | 2983 |
| ACCOUNT BALANCE: | $878.33 |
| AMOUNT ENCLOSED: | |

o Change of address: Print New Address on Back

REMIT TO:

NATIONWIDE CREDIT, INC.
PO Box 14581
Des Moines IA 50306-3581

76737-23A
Yeshica Viquez
291 BAINBRIDGE ST APT 2B
Brooklyn NY 11233-6237

2983 1

\*\*\* Please See Reverse Side of This Letter for Important Consumer Information \*\*\*
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window



## Nationwide Credit, Inc.

PO Box 14581
Des Moines, IA 50306-3581
Monday - Friday 8 AM to 6 PM ET  1-800-366-4291

NCI ID: 2983
Creditor: AMERICAN EXPRESS
Account Number: XXXXXXXXXX01002
Account Balance: $878.33
Date: 07/20/2019

**Opportunity to Regain Card Membership**
**Call for Details**

Dear YESHICA VIQUEZ,

American Express® has authorized us to make you a special offer. American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership. You have been selected to receive an Optima Card application if you pay your balance in full on the American Express® account referenced above.

After you pay your balance in full, American Express will send you an application for the new Optima Card. Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application.

- You have accepted another offer for an Optima Card account from a different agency or from American Express.

- You have an active American Express account.

- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

If you'd like to know more about this offer, please call us at 1-800-366-4291. We are available to assist you Monday - Friday 8 AM to 6 PM ET.

Act now and call us today to make payment arrangements on your account.

Sincerely,
MAURICE RICO
Nationwide Credit, Inc.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

See Reverse for important information

A37
112217

NOTE CHANGES ONLY

| FIRST NAME | | MI | |
| LAST NAME | | | |
| ADDRESS | | | |
| CITY | | HOME PHONE | |
| STATE | ZIP | WORK PHONE | |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose

American Express Pricing and Terms
Annual fee: $49

APR for purchases: Prime Rate + 14.99%. This APR varies with the market based on the Prime Rate.
Penalty APR: Prime Rate + 25.99%. This APR varies with the market based on the Prime Rate but will not exceed 29.99%. This APR will apply to your account if you make one or more late payments or make a payment that is returned unpaid. American Express may also consider your creditworthiness when applying the Penalty APR to your account.

The funds must clear your bank prior to an application being mailed. This offer is no longer valid if one or more accounts are sent to a collections agency after the date of this letter.

American Express may change the terms of, or add new terms to, the Cardmember Agreement at any time, subject to applicable law. American Express may apply any changed or new terms to any existing and future balances on your Account, subject to applicable law. This account is not eligible for Cash Advances or Balance Transfers. This account is not eligible for upgrading or transferring to a different American Express Card.

New York City Department of Consumer Affairs License Number: 0914159